| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Ahmadani Mohamed,

    Plaintiff,

vs.

G4S Secure Solutions (USA) Inc.,

    Defendant.

Civil No.:_____

**SUMMONS**

**THIS SUMMONS IS DIRECTED TO DEFENDANT G4S SECURE SOLUTIONS (USA) Inc.**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    HALUNEN & ASSOCIATES
    1650 IDS Center
    80 South Eighth Street
    Minneapolis, MN  55402
    Telephone: (612) 605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

Exhibit A

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: April 10, 2014

HALUNEN & ASSOCIATES

Kaarin S. Nelson, #386919
V. Joshua Socks, #395675
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

Exhibit A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Civil No.:_____

Ahmadani Mohamed,

    Plaintiff,

vs.

G4S Secure Solutions (USA) Inc.,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, for his Complaint against Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of Minneapolis, Minnesota.

2. Defendant is a foreign corporation with a registered office address at 380 Jackson Street, Suite 700, Saint Paul, Minnesota 55101.

## JURISDICTION AND VENUE

3. This is an action under the Minnesota Human Rights Act ("MHRA"), Minnesota Statutes §§ 363A.01 *et seq.* and Minnesota law.

4. At all relevant times, Plaintiff and Defendant were "employee" and "employer," respectively, within the meaning of Minn. Stat. § 363A.03.

5. All actions alleged in this Complaint occurred while Plaintiff was employed by Defendant and a substantial amount of the facts giving rise to this action occurred within the borders of the County of Hennepin, State of Minnesota.

Exhibit A

## FACTS

6. Plaintiff is a Somali Muslim.

7. Defendant hired Plaintiff in March 2013 as a Security Officer stationed in the Minneapolis City Center.

8. One of Plaintiff's supervisors, Dennis Smith, began harassing Plaintiff within the first week of Plaintiff's employment. For example, during that week Smith said he was going to train Plaintiff to defend himself. Smith then proceeded to repeatedly kick Plaintiff in the leg until Plaintiff begged him to stop because it was hurting him. After the incident, Plaintiff experienced significant swelling and bruising on his legs. Smith did not treat other employees the same way.

9. On an almost weekly basis, Smith said the following to Plaintiff:
   a. All Muslims are terrorists and he didn't like any of them, or words to that effect;
   b. Smith would never allow Muslims to live near him and if they did he would kill them, or words to that effect;
   c. Somali people are sick, weak cowards who will never amount to anything, or words to that effect.

10. Initially, Plaintiff thought the harassing conduct would stop. When it did not, Plaintiff made a report to his shift supervisor, Slavic, in early May 2013. Plaintiff told Slavic about the harassment that he was experiencing at the hands of Smith.

11. That same day, Slavic and Plaintiff escalated the report to Chris Carr, Security Manager, and Kevin Stewart, Director of Security. Carr and Stewart told Plaintiff to let them know if it happened again.

12. Smith's harassment continued, as if no report had ever been made.

13. In early-to-mid June 2013, Plaintiff went to Defendant's corporate office in Saint Paul, Minnesota, to make another report of Smith's ongoing and illegal conduct. Plaintiff spoke to William "Parry" Swafford, the Minneapolis Operations Manager. Swafford assured Plaintiff the situation would be addressed and told Plaintiff to go back to work.

14. On June 20, 2013, Plaintiff was heading to the locker room near the end of his shift to change clothes. Smith attacked Plaintiff and tried to wrestle him to the ground. During the assault, Smith fell down and Plaintiff was able to get away. Smith went after Plaintiff again, but Travis Thorpe, Defendant's security manager, restrained Smith. Plaintiff kept asking Smith to stop because he did not want to fight. Smith repeatedly yelled, "You people are weak cowards!"

15. The next day that Plaintiff was at work, Smith was still very angry. Apparently, some of Defendant's employees were making fun of Smith because he had fallen down during the assault. Smith took exception to this. Near the end of Plaintiff's shift, Smith started looking for Plaintiff. Plaintiff believed Smith was going to try and attack him again, so Plaintiff left for the day through an alternate exit because he feared for his safety.

16. About a day or two later, Plaintiff went back to Defendant's corporate office in Saint Paul and spoke with Swafford again. Plaintiff told Swafford about the incidents with Smith. Swafford told Plaintiff he would investigate the situation and that Plaintiff did not have to go back to work during the investigation.

17. On about June 26, 2013, Plaintiff emailed a statement to Thorpe and said that he was afraid for his safety and he could not continue working at Defendant because nothing had been done to address Smith's illegal conduct, despite Plaintiff's numerous reports. Plaintiff also told the same to Swafford.

Exhibit A

## COUNT I

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

18.    Defendant, through its managers and officials acting on behalf of Defendant, and within the scope of their employment, engaged in unlawful employment practices in violation of the MHRA, Minn. Stat. §§ 363A.01 *et seq*. These practices include, but are not limited to: creating a hostile work environment because of Plaintiff's national origin, failing to investigate and/or respond to Plaintiff's reports of discrimination, constructively discharging Plaintiff, and/or altering the terms and conditions of Plaintiff's employment because of his national origin.

19.    Defendant engaged in a pattern of conduct intending to force Plaintiff to leave and/or created an environment or conditions that made it a reasonably foreseeable consequence that Plaintiff would leave his employment.

20.    By the steadily increasing nature, severity, and consistency of Defendant's conduct, Defendant intended to force Plaintiff to quit his employment and/or Plaintiff's quitting was a reasonably foreseeable result of its conduct.

21.    Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's national origin from occurring.

22.    The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the anti-discrimination laws that protect Plaintiff.

23.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting his status as an employee because of his national origin.

Exhibit A

24.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred expenses, legal costs and attorneys' fees and other serious damages.

## COUNT II

### RELIGIOUS DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

25.     Defendant, through its managers and officials acting on behalf of Defendant, and within the scope of their employment, engaged in unlawful employment practices in violation of the MHRA, Minn. Stat. §§ 363A.01 *et seq.* These practices include, but are not limited to: creating a hostile work environment because of Plaintiff's religion, failing to investigate and/or respond to Plaintiff's reports of discrimination, constructively discharging Plaintiff, and/or altering the terms and conditions of Plaintiff's employment because of his religion.

26.     Defendant engaged in a pattern of conduct intending to force Plaintiff to leave and/or created an environment or conditions that made it a reasonably foreseeable consequence that Plaintiff would leave his employment.

27.     By the steadily increasing nature, severity, and consistency of Defendant's conduct, Defendant intended to force Plaintiff to quit his employment and/or Plaintiff's quitting was a reasonably foreseeable result of its conduct.

28.     Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's religion from occurring.

Exhibit A

29. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the anti-discrimination laws that protect Plaintiff.

30. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting his status as an employee because of his religion.

31. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred expenses, legal costs and attorneys' fees, and other serious damages.

## COUNT III

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

32. Defendant's conduct constitutes discrimination in employment on the basis of national origin and religion in violation of the MHRA, Minn. Stat. §§ 363A.01 *et seq.* Defendant's harassment against Plaintiff included, but was not limited to: singling Plaintiff out because of his national origin and/or religion, subjecting Plaintiff to offensive comments, epithets, and remarks in a continual and ongoing basis, and physically assaulting Plaintiff.

33. Defendant's harassment towards Plaintiff was based on national origin and religion and altered the terms and conditions of Plaintiff's employment, substantially interfered with Plaintiff's employment, and created an intimidating, hostile and offensive working environment for Plaintiff.

Exhibit A

34.     Defendant failed to take timely and appropriate action to remedy the harassment and other unlawful conduct towards Plaintiff from occurring.

35.     Plaintiff endured a hostile environment that was severe, pervasive, and included illegal comments, jokes and/or behavior that included by way of example and not limitation, Plaintiff's supervisor assaulting him while yelling, "You people are weak cowards."

36.     Defendant knew that its actions, complained of herein, created a high probability of injury to Plaintiff's rights, and deliberately proceeded to act in conscious or intentional disregard of the high degree of probability of injury to Plaintiff's rights, and deliberately proceeded to act with indifference to the high probability of injury to Plaintiff's rights.

37.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred expenses, legal costs and attorneys' fees, and other serious damages.

## COUNT IV

### ASSAULT AND BATTERY

Plaintiff re-alleges each and every paragraph of this Complaint.

38.     In the course and scope of his employment with Defendant, Dennis Smith committed assault and battery when he intentionally threatened Plaintiff, kicked Plaintiff, and attacked Plaintiff, causing injury.

39.     The conduct described above by Smith, an agent of Defendant in the scope of his duties, constitutes assault and battery against Plaintiff.

40.     Defendant facilitated the assault and battery upon Plaintiff by placing Smith in a position of authority and permitting him ready access to Plaintiff. Despite Plaintiff's complaints

Exhibit A

to Defendant regarding Smith's behavior, Defendant failed to take reasonable steps to prevent the further commission of such acts.

41. Defendant is responsible for the assault and battery upon Plaintiff under the doctrine of respondeat superior because Defendant was on notice of Smith's penchant for aggressive behavior.

42. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer physical injury, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred expenses, legal costs and attorneys' fees, and other serious damages.

## COUNT V

### NEGLIGENT RETENTION

Plaintiff re-alleges each and every paragraph of this Complaint.

43. Defendant owed Plaintiff a duty to refrain from retaining employees with known dangerous proclivities.

44. Defendant became aware or should have become aware that Smith had dangerous propensities and his presence on the job endangered Plaintiff.

45. Defendant breached its duty of care to Plaintiff when it failed to take effective corrective action to prevent Smith's illegal conduct.

46. Defendant's negligence, as described above, resulted in and contributed to Plaintiff's injury. That injury would have been prevented by exercising ordinary care.

Exhibit A

47.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer physical injury, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred expenses, legal costs and attorneys' fees, and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

a.     That the practices of Defendant complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff under applicable state laws;

b.     That Defendant be required to make Plaintiff whole for its adverse, discriminatory, and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor;

c.     That Plaintiff be awarded front pay and the monetary value of any employment benefits to which he would have been entitled to as an employee of Defendant;

d.     That Plaintiff be awarded compensatory damages in excess of fifty thousand dollars ($50,000.00), in an amount to be determined at trial;

e.     That Plaintiff be awarded treble damages pursuant to the MHRA;

f.     That Plaintiff be awarded punitive damages as permitted by statute and the MHRA;

g.     That the Court award Plaintiff his reasonable attorneys' fees, costs and disbursements pursuant to state statutes;

h.     That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS
WHERE A JURY IS AVAILABLE**

Exhibit A

Dated: April 10, 2014                           HALUNEN & ASSOCIATES

*signature*

Kaarin S. Nelson, #386919
V. Joshua Socks, #395675
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. §549.21 to the party against whom the allegations in this pleading are asserted.

Dated : April 10, 2014

*signature*

V. Joshua Socks, #395675

10

Exhibit A